**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JESSICA PAOLA LOPEZ QUEME, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CIV-26-2943-SLP |
| WARDEN, DIAMONDBACK CORRECTIONAL FACILITY and MARKWAYNE MULLIN, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY., | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner, Jessica Paola Lopez Queme, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Before the Court is Respondents' Response to Order to Show Cause [Doc. No. 9]. Respondents acknowledge that this matter is controlled by the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026).[1] Accordingly, the Court GRANTS IN PART the Petition [Doc. No. 1] as to Petitioner's statutory challenge to her detention pursuant to 8 U.S.C. § 1225(b)(2)(a).

IT IS THEREFORE ORDERED that the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing,

[1] Respondents nonetheless state that they do not concede that *Santillan Quiroz* was correctly decided.

before an immigration judge, pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.[2]

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on November 3, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[3]

IT IS FURTHER ORDERED that Respondents' counsel is directed to provide a copy of this Order to the warden of the facility where Petitioner is currently detained.

IT IS FURTHER ORDERED that Petitioner's Motion for Expedited Consideration [Doc. No. 4] is DENIED AS MOOT.

A separate judgment shall be entered.

IT IS SO ORDERED this 26th day of October, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address her remaining claims.

[3] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").